# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

LEON HATTEN,

    Plaintiff,

    v.

ROBARGE, et al.,

    Defendants.

No. 2:17-CV-2367-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's complaint (Doc. 1). Plaintiff alleges defendants violated his rights under the American's with Disabilities Act and seems to allege defendants retaliated against him in violation of his First Amendment Rights. For the reasons set forth below, Plaintiff's complaint is dismissed with leave to amend.

## I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

1

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff's complaint names two defendants, Committee Correctional Counselor S. Robarge and Chair Person T. Wamble. Plaintiff asserts both defendants failed to accommodate his disability as mandated by the Americans with Disability Act (ADA). Specifically, Plaintiff contends that he is in a leg brace and uses a cane for mobility due to a 2001 injury resulting from a gunshot wound to his back. Plaintiff states that he cannot walk or stand for long periods of time because of nerve damage in and around his spine. Plaintiff alleges that he was assigned to a carpentry class that could not accommodate his disability and was subsequently removed from the carpentry class after a prison review of his disability. Plaintiff contends the prison medical

2

evaluation stated he was to be housed at a level terrain institution and Plaintiff seems to allege that he was then transferred to a non-level terrain institution where he fell down a flight of stairs after exiting the prison library.

Plaintiff further seems to assert a claim of retaliation against both defendants for ordering his transfer after Plaintiff consulted with counsel.

### III. ANALYSIS

#### A. ADA Claim

Plaintiff seeks to bring a claim under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132. Title II of the ADA "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Id.

Plaintiff may proceed against individual defendants in their official capacities, but only if Plaintiff shows discriminatory intent. See Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998). To show discriminatory intent, a plaintiff must establish deliberate indifference by the public entity. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). Deliberate indifference requires: (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood. Id. at 1139. The first prong is satisfied when the plaintiff identifies a specific, reasonable and necessary accommodation that the entity has failed to provide, and the plaintiff notifies the public entity of the need for accommodation or the need is obvious or required by statute or regulation. Id. The second prong is satisfied by showing that the entity deliberately failed to fulfill its duty to act in response to a request for accommodation. Id. at 1139-40.

/ / /

/ / /

Plaintiff's claim that Committee Correctional Counselor S. Robarge and Chair Person T. Wamble violated his rights under the ADA by transferring him to a different correctional center fails. Plaintiff fails to allege sufficient facts connecting the two named defendants with his transfer to a different correctional facility. Plaintiff also fails to articulate how that transfer to a different prison facility excluded him from participation in a service, program, or activity, as required by law. See Lovell, 303 F.3d at 1052. Additionally, Plaintiff fails to allege facts of discriminatory intent. Plaintiff asserts that both Defendants were aware of his disability but provides no facts related to an accommodation that Defendants failed to provide. Plaintiff must show discriminatory intent by identifying (1) an accommodation that Defendants knew or should have known about, and (2) by showing that the Defendants failed to act upon the request for that accommodation. See Ferguson, 157 F.3d at 674. Because Plaintiff failed to identify any accommodation in his complaint his ADA claim, as currently alleged, fails.

**B.     Retaliation Claim**

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005). Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes, 408 F.3d at 568. Generally, prisoners have no liberty interest in avoiding being transferred to another prison. See

Olim v. Wakinekona, 461 U.S. 238, 245 (1983). However, prisoners may not be transferred in retaliation for exercising their First Amendment rights. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Plaintiff seems to allege he was retaliated against because he "involved" an attorney regarding his ADA claims against the Defendants. The facts related to this allegation are sparse. Plaintiff does not provide a real link between his consultations with counsel and his transfer to a different prison facility. See Pratt, 65 F.3d at 807 (holding a prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right). Further, Plaintiff does not provide any facts demonstrating that his First Amendment rights were chilled by the transfer. See Rhodes, 408 F.3d at 568 (Plaintiff must show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct.)

## IV. AMENDING THE COMPLAINT

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection

between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

### V.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated:  November 7, 2018

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE