1

2

3

4

5

6

7

8                      **IN THE UNITED STATES DISTRICT COURT**

9                      **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    LEON HATTEN,                              No. 2:17-CV-2367-TLN-DMC-P

12                  Plaintiff,

13          v.                                   <u>FINDINGS AND RECOMMENDATIONS</u>

14    ROBARGE, et al.,

15                  Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  On November 7, 2018, the court directed plaintiff to file an amended

19    complaint within 30 days.  Plaintiff was warned that failure to file an amended complaint may

20    result in dismissal of this action for lack of prosecution and failure to comply with court rules and

21    orders.  <u>See</u> Local Rule 110.  To date, plaintiff has not complied.

22          The court must weigh five factors before imposing the harsh sanction of dismissal.

23    <u>See</u> <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000); <u>Malone v. U.S. Postal</u>

24    <u>Service</u>, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in

25    expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of

26    prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits;

27    and (5) the availability of less drastic sanctions.  <u>See</u> <u>id.</u>; <u>see also</u> <u>Ghazali v. Moran</u>, 46 F.3d 52,

28    53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate

1  sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone,

2  833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where

3  there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.

4  1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an

5  order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.

6  1992).

7           Having considered these factors, and in light of plaintiff's failure to file an

8  amended complaint as directed, the court finds that dismissal of this action is appropriate.

9           Based on the foregoing, the undersigned recommends that this action be dismissed,

10  without prejudice, for lack of prosecution and failure to comply with court rules and orders.

11           These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

13  after being served with these findings and recommendations, any party may file written

14  objections with the court.  Responses to objections shall be filed within 14 days after service of

15  objections.  Failure to file objections within the specified time may waive the right to appeal.  See

16  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17

18  Dated:  January 16, 2019

19  _____

    DENNIS M. COTA

20  UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

2